FILED '08 AUG 27 15:15 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDOLPH GLENN PELKEY,                          CV. 07-363-PA

        Petitioner,

    v.                                          OPINION AND ORDER

GUY HALL,

        Respondent.


    PER C. OLSON
    HOEVET, BOISE & OLSON, P.C.
    1000 S.W. Broadway, Suite 1500
    Portland, OR  97205

        Attorney for Petitioner


    HARDY MYERS
    Attorney General
    KRISTEN E. BOYD
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent

PANNER, District Judge

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges the legality of his 2002 convictions on his pleas of guilty. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED and this action dismissed with prejudice.

## BACKGROUND

In 2001, Petitioner confessed to his church elders and to his wife that over several years he molested his wife's younger sisters while they slept. (Petr.'s Mem., #26, 2.) At the urging of the church elders, Petitioner contacted the girls' parents, his in-laws, and confessed his actions. (*Id.*) The girls' parents contacted police. Following an investigation, Petitioner was indicted in Clatsop County, Oregon, on three counts of Sexual Abuse in the First Degree for acts committed in that county. (Respt.'s Ex. 102.) Because Petitioner's conduct also occurred in Lane County, Oregon, and in Hawaii, law enforcement officials there were notified as well.

Petitioner received a plea offer from the Clatsop County District Attorney to plead guilty to two counts of Sexual Abuse in return for dismissal of the third count. (Petr.'s Mem., #26, 4.) On advice from counsel, Petitioner entered a plea of guilty in Clatsop County to two counts of Sexual Abuse in the First Degree and was sentenced to consecutive 75-month prison terms, for a total

of 150 months imprisonment. (Petr.'s Mem., #26, 4.) Lane County decided not prosecute and, at the time of Petitioner's plea, it was unclear whether prosecution would be possible in Hawaii. (Respt.'s Ex. 106, 26-27.)

Petitioner did not file a direct appeal but sought state post-conviction relief ("PCR"), raising claims of ineffective assistance of counsel, including that counsel failed to properly advise him regarding corroboration of confessions under Or. Rev. Stat. § 136.425. (Respt.'s Ex. 107, 2-3.) The state PCR court made preliminary findings on the record at the end of the PCR trial, (Respt.'s Ex. 115, 26-31), and gave both parties leave to file memoranda addressing corroboration of confessions. Ultimately, the PCR court denied relief in a General Judgment referencing the findings made on the record. (Respt.'s Ex. 116.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Exs. 121, 120.)

In this habeas action, Petitioner raises one claim of ineffective assistance of counsel alleging "trial counsel was inadequate and ineffective for failing to properly research and comprehend the statutory requirement of corroboration before advising petitioner to accept [the] plea bargain." (Petition, #1, 6.) Respondent argues the state court decision denying relief was neither contrary to nor an unreasonable application of Supreme

Court precedent and, therefore, habeas relief should be denied. (Response, #27, 2.)

## DISCUSSION

I.   Standards of Review

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

A state court decision is an "unreasonable application of clearly established Supreme Court law when the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the case." Lambert v. Blodgett, 393 F.3d 943, 974 (9th Cir. 2004), cert. denied, 126 S.Ct. 484 (2005).  The state court's application of law must be objectively unreasonable.  Id. (emphasis added).  "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly.  Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his

4 - OPINION AND ORDER

case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002), rehearing denied, 537 U.S. 1149 (2003), (internal citations omitted)."

A federal claim of ineffective assistance of counsel requires that the petitioner prove his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result of his counsel's deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). In the context of a guilty plea, the requirements for the performance prong remain the same, but to successfully show prejudice Petitioner must show that but for counsel's advice he would not have pled guilty and would have proceeded to trial instead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Strickland*, 466 U.S. at 697.

II. <u>Analysis</u>

In Ground One, Petitioner claims "he was not advised by competent counsel regarding a potential defense. . . ." (Reply, #32, 2.) He contends that the state PCR court's ruling on the underlying legal standard for corroboration of confessions was erroneous and, thus, its assessment of his claim under *Strickland* was also wrong. (Memorandum, #26, 17.) Petitioner argues there was insufficient independent corroborating evidence of his confession "to allow the jury to draw an inference tending to

establish or prove a crime had been committed[,]" (Memorandum, #26, 15), as required under Oregon law.

The Oregon statute relevant to Petitioner's claim reads, in pertinent part:

> "A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; *nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed.*"

Or. Rev. Stat. § 136.425(1) (emphasis added). In *State v. Lerch*, 296 Or 377, 398 (1984), the Oregon Supreme Court held: "that 'some proof' means that there is enough evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed."

The PCR trial court made the following preliminary findings on the record at the end of the PCR trial:

> The record reveals the pleas were, in this Court's view, knowingly, voluntarily, and intelligently made under applicable law.
>
> With regard to 2) Failing to adequately investigate, evaluate, and advise petitioner before entering his guilty plea, allegations 2, 3, and 4 all appear to relate to the same matter, and I'll simply handle those under number 3.
> This seems to really be the crux. Failing to advise petitioner that there was insufficient evidence of corroboration of his conviction [sic] to convict petitioner of the charged crimes.
> In my view, **petitioner's testimony today clearly establishes that petitioner and defense counsel went over the issue of corroboration in great detail.**
> **It is obvious that petitioner's position is that defense counsel misinterpreted the law with regard to**

**what is required for corroboration** and, basically, what
it boils down to appears to be that sort of an issue.
**It's not something that counsel overlooked. In fact, it
was something that was explored in considerable detail.**

As noted, **petitioner's confessions were originally
made to church elders before making confessions to
others, including his father-in-law and police
authorities.**

According to the PSI, the victim submitted
statements to Hawaii for prosecution, and the victims
testified at sentencing, and, of course, I reviewed that.

**There would have been evidence that petitioner had
lots of excuses for being in the victims' room, and had
been in their room,** to-wit: that they were talking in
their sleep, sleepwalking, or he noticed that they were
uncovered.

The memories of the victim were vague, as was
related today in petitioner's testimony. But, quite
frankly, **[Petitioner] probably did more today in
derogation of [his] position than [he] ever added
because, basically, in discussing the matters in the
questioning, I think that any Court could find that, in
fact, there was corroboration.**

**[Petitioner] seem to view the legal standard as
being something other than what it is. The legal
standard is only that there must be some other proof that
a crime has been committed; it need not be conclusive
evidence,** and, quite frankly, having had this question
come up in other cases with what there was in this case,
**I will admit that [the evidence is] skinny, but on the
other hand, it was certainly enough to send the matter to
the jury and that's basically what we're talking about
with regard to the corroboration and determination to be
made by the Court and, basically, [Petitioner] would have
been in great difficulty, considering all the evidence
there was, including, as noted, [his] letters as well as
[his] confessions to all of these different individuals.**

In essence, **defense counsel did not fail to advise
[Petitioner] that there was insufficient evidence of
corroboration to convict [him].** In fact, as noted, it
was really covered in great detail.

**In my view, defense counsel was correct,** if the --
well, I'll simply leave it at that and say this, I will
weigh whatever legal authority either one of these
counsel have with regard to corroboration, but **I also
know enough about corroboration, having tried jury trials
involving it, to realize that the standard is not at all**

7 - OPINION AND ORDER

> **what [Petitioner is] contending it to be and . . . made
> a record of, at least so far as [his] testimony.**

(Respt.'s Ex. 115, 26-29.) (Emphasis added.)    The PCR court also
stated:

> **"I was noting in reading the transcript that you
> advised Judge Van Hoomissen in sentencing** that you felt
> you only had two choices with respect to what you had
> done -- number one was to kill yourself, or number two
> was to come forward and make sure that it never happened
> again, and **that if your serving time would help the
> victim's view of what happened, then you, in your own
> words, quote, "would gladly do it," end of quote.**
>     **It appears that time in prison has changed your mind
> and caused you to now blame your defense counsel for your
> predicament.   I find nothing in the record which should
> resolve, at least at this point, you being given post-
> conviction relief.**

(Respt.'s Ex. 115, 30.)    In its General Judgment, the PCR trial
court referenced these findings and conclusions and denied relief.
(Respt.'s Ex. 116.)

The above excerpt of the record shows that the PCR court
denied relief based on finding: (1) the legal standard for
corroboration required there be some other proof that a crime has
been committed but that it need not be conclusive evidence; (2)
that although the proof in Petitioner's case was "skinny" there was
enough to send the matter to the jury; (3) there was evidence
Petitioner had lots of excuses for being in the victims' room and
had been in their room; (4)  Petitioner's letters to the victims
and their parents were corroborative evidence of his acts; (5)
Petitioner confessed to church elders before confessing to his in-
laws or the police; (6) Petitioner's testimony during the PCR trial

8 - OPINION AND ORDER

did more to derogate his position than support it; (7) defense counsel went over the issue of corroboration in great detail and did not fail to advise Petitioner; and (8) Petitioner's claim that he would not have pleaded guilty had counsel's representation not been deficient stemmed from changing his mind after spending time in prison.  The PCR court's factual findings are presumed to be correct.  28 U.S.C. § 2254(e)(1).  Petitioner may overcome this presumption by presenting clear and convincing evidence to this court that the findings are in error, but he has not done so.

Although Petitioner disagrees with the PCR court's interpretation of Oregon's corroboration requirements, the Oregon Court of Appeals affirmed the PCR trial court decision when Petitioner raised the issue on appeal, (Respt.'s Ex. 117, 1), and the Oregon Supreme Court denied review.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002).  Because Petitioner cites no Supreme Court authority to show the Oregon courts' interpretation of the state's corroboration requirements violated the Constitution, laws, or treaties of the United States, that interpretation will not be reexamined.

9 - OPINION AND ORDER

With respect to Petitioner's claim that he was not advised by competent counsel regarding a potential defense, the PCR trial court found that counsel discussed the corroboration issue with Petitioner at length, and that there was sufficient evidence to corroborate Petitioner's confession.  Thus, Petitioner did not show counsel's representation fell below an objective standard of reasonableness as required under *Strickland*.  Moreover, the PCR court was unpersuaded by Petitioner's claim he would have gone to trial but for counsel's advice on corroboration.  Thus, Petitioner did not show prejudice in the context of a guilty plea as required under *Hill*.  Failure to prove either the performance prong or the prejudice prong of an ineffectiveness claim will cause the claim to fail.  Accordingly, it was neither contrary to, nor an unreasonable application of established Supreme Court precedent for the PCR court to deny Petitioner's claim of ineffective assistance of counsel, and habeas relief is precluded.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED and this proceeding dismissed with prejudice.

IT IS SO ORDERED.

DATED this 27 day of August, 2008.

Owen M. Panner
United States District Judge